**F. Sutherland MACKLEM and Elva Macklem**

**v.**

**UNITED STATES of America.**

**Civ. No. B–87–789(WWE).**

United States District Court, D. Connecticut.

Jan. 30, 1991.

F. Sutherland Macklem, New Canaan, Conn., pro se.

H. Gordon Hall, Asst. U.S. Atty., New Haven, Conn., and Merrell B. Green, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

EGINTON, District Judge.

*Background*

Plaintiffs, F. Sutherland and Elva Macklem, bring this action *pro se* against the United States claiming that they are owed a refund of taxes paid for the 1983 tax year. Plaintiffs claim that the Internal Revenue Service erroneously disallowed deductions for business expenses in the amount of $10,848, a charitable contribution in the amount of $3,500 and rental expenses in the amount of $5,484. As a result, plaintiffs assert that they overpaid their 1983 taxes by $3,144 and that they were illegally charged interest on this amount in the sum of $757.63.

The United States has moved for partial summary judgment asserting that there are no genuine issues of material fact as to plaintiffs' claims regarding the charitable contribution and the rental expenses. In response, plaintiffs filed a memorandum in opposition to the government's motion and moved for summary judgment on the same two issues. For the reasons set forth below, the government's motion for partial summary judgment will be granted and plaintiff's cross motion for summary judgment will be denied.

*Facts*

The following facts are not in dispute. Using money borrowed from his son, Mr. Macklem made a donation to the Church of the Adamic Communion ("the Church"), a

religious enterprise founded by Mr. Macklem. Mr. Macklem is the sole member of the Church which is located at his residence. No regular worship services are conducted by or at the Church. The Church operates to disseminate Mr. Macklem's personal religious views and to proselytize others to his views. The religious materials are written by Mr. Macklem according to his interpretation of the scriptures, including his own translation of Genesis. All the funds used to support the Church in 1983 came from the Macklems. Mr. Macklem opened a bank account in the name of the Church and established himself as the sole signatory. He alone decides how the funds are spent. In 1983, Mr. Macklem used the funds to purchase a computer to assist in his proselytizing activities.

Also in 1983, plaintiffs' daughter divorced her husband and moved into plaintiffs' house with her child. Renovations were performed to the third floor of the house making it habitable for the daughter and grandchild. During 1983, the daughter paid the plaintiffs $2,122 as "rent" (approximately $176 per month). In exchange, she and her daughter were given use of the third floor, three meals a day, and use of the utilities, including the telephone. No rental terms were discussed between the daughter and plaintiffs, and the "rent" charged was based upon the daughter's ability to pay, not upon the costs of her room and board.

*Discussion*

Summary judgment is available when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The court may grant a motion for summary judgment if after drawing all reasonable inferences in favor of the non-moving party, the court finds that there are no genuine issues of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Knight v. U.S. Fire Insurance Company,*

804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). A party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight,* 804 F.2d at 12. This standard is the same when the court is presented with cross motions for summary judgment. *Knowles v. Postmaster General, United States Postal Service,* 656 F.Supp. 593, 597 (D.Conn.1987).

The first issue before the court is whether plaintiffs' donation to the Church may be claimed as a charitable contribution.[1] The government argues that because Mr. Macklem retained complete dominion and control over the Church bank account, his contribution cannot be treated as a completed gift. While conceding that he could have taken back the money, Mr. Macklem counters that this fact is purely academic because he did not in fact, take back the money. Instead, the money was used for its intended purpose, i.e., to purchase a computer. Because "the contribution was completed for the purpose it was made," Mr. Macklem concludes that it was a completed gift. This conclusion is presented without any supporting legal authority.

By definition, a "completed gift" is a donation that is placed beyond the dominion and control of the donor. *Pauley v. United States,* 459 F.2d 624, 626 (9th Cir.1972). "Dominion and control" is defined as "the retention by the donor of power to direct the disposition or manner of enjoyment of the subject of the gift." *Id.* at 627. Mr. Macklem does not refute the fact that he possessed sole signatory authority over the account. By retaining such power, he exercised dominion and control over the funds which precludes a finding that there was a charitable gift. *Davis v. Commissioner,* 81 T.C. 806, 816–17 (1983), *aff'd* 767 F.2d 931 (9th Cir.1985). Thus, the fact that the money was not

---

**1.** Although the government contends that the Church is not a qualified tax exempt organization and that part of the net earnings inures to the private benefit of Mr. Macklem, the only

issue briefed by the parties is whether a "contribution" was made within the meaning of the statute.

"taken back" or was, in fact, used for a "church purpose" is irrelevant.

Plaintiffs' second claim concerns whether repairs made to their home in the amount of $5,483 can be deducted as rental expenses. The government asserts that these expenses are not deductible because they were not "ordinary and necessary" as related to an income-producing business activity. Additionally, they state that deductions cannot be taken for activity not engaged in for profit and these expenses are actually capital expenses to be amortized over the life of the property. Lastly, they state that plaintiffs did not engage in an activity for profit within the meaning of § 183 of the Federal Tax Code ("Code").

Plaintiffs maintain that the expenses were "real property rental income" that are deductible under § 212 of the Code.[2] They argue that the repairs made to their residence were not "major structural improvements which are to be depreciated." In support of this position, plaintiffs cite to several cases discussing the deductibility of expenses incurred by businesses. Lastly, plaintiffs assert that § 183 of the Code is irrelevant as it applies only to hobby losses.

The cases relied on by plaintiffs involve established businesses attempting to deduct business or trade expenses. These cases do not address the issue of whether a trade or business *exists* for the purposes of deducting expenditures. At the heart of the instant debate is the question whether plaintiffs actually engaged in the production of income for which they can claim a deduction. Plaintiffs seem to argue that taxpayers who participate in an activity that produces any amount of income, no matter how small, may deduct expenses incurred in the production of that income. Plaintiffs are mistaken. In order to deduct such expenses, plaintiffs must show that the activity was conducted with the intent to make a profit. *See Elliott v. Commissioner*, 90 TC 960 (1988), *aff'd* 899 F.2d 18 (9th Cir.1990); *Jasionowski v. Commissioner*, 66 TC 312 (1976). The absence of a profit objective precludes the characterization of property as "held for investment."[3] *See* 26 C.F.R. § 1.212(b); *Bolaris v. Commissioner*, 81 TC 840 (1983).

When a taxpayer is not allowed to deduct expenses under § 212 of the Code, § 183 comes into play. *See* 26 C.F.R. §§ 1.212–1(c) and 1.183–1(a); *Fox v. Commissioner*, 80 TC 972, 1006 (1983), *aff'd mem.*, 742 F.2d 1441 (2d Cir.1984). Under § 183(b)(1), deductions for expenses such as interest and taxes are permitted when they are not predicated on a profit motive. All other expenditures resulting from activity engaged in for profit are deductible only to the extent that the gross income received from the activity exceeds the amount deducted under § 183(b)(1). *See* § 183(b)(2); *Jasionowski*, 66 TC at 320.

The test for determining whether a profit motive exists under § 212 or § 183 is whether the taxpayer's intention and expectation of profit is bona fide. *Elliott v. Commissioner*, 84 TC 227 (1985), *aff'd* 782 F.2d 1027 (3rd Cir.1986); *Fox*, 80 TC at 1006. The issue is one of fact to be resolved on the basis of all the facts and circumstances and greater weight is given to objective facts than to the taxpayer's mere statement of intent. 26 C.F.R. §§ 1.212–1(c) and 1.183–2(a)–(b); *Engdahl*

---

2. § 212 of the Federal Tax Code provides in pertinent part that:

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

(1) for the production or collection of income;

(2) for the management, conservation, or maintenance of property held for the production of income . . .

3. Plaintiffs also state that their expenses are deductible under § 1.212(h) of the Income Tax Regulations as "conversion expenses." They claim that in 1984, they completed the conversion of the third floor of their residence into an "independent . . . self-contained income producing apartment." This allegation is devoid of any basis in fact. There is no evidence that plaintiffs' third floor contained a separate entrance or exit, a self-contained kitchen, or even a separate telephone line. Nor is it evident that plaintiffs obtained zoning approval for the conversion of their residentially zoned property into rental property. Accordingly, this claim is found to be without merit.

**10**

v. Commissioner, 72 TC 659, 666 (1979). Thus, the facts and circumstances must indicate that the taxpayer entered into the activity with the actual and honest objective of making a profit. *Dreicer v. Commissioner*, 78 TC 642, 645 (1982), *aff'd mem.*, 702 F.2d 1205 (D.C.Cir.1983).

■ The facts presented in this matter do not demonstrate a bona fide expectation of profit on the part of the plaintiffs. As previously found, no rental terms were agreed upon between the plaintiffs and their daughter. Moreover, the rent charged did not reflect the fair market value for housing and feeding the daughter and granddaughter. Lastly, plaintiffs themselves have not alleged that they intended to profit from the rental arrangement. Absent a profit motive, the court cannot find that plaintiffs' deductions are allowable under § 212 or § 183 of the Code.

*Conclusion*

For the reasons stated above, defendant's motion for partial summary judgment is GRANTED and plaintiffs' cross motion for summary judgment is DENIED.

SO ORDERED.