**FRIENDS OF THE EARTH, INC., a New York Corporation, Edward Dobson, Randall H. Gloege, Chuck Davis and Dr. J. H. Johnson, Plaintiffs-Appellants,**

v.

**Bob BERGLAND,[1] in his official capacity as Secretary of Agriculture, John R. McGuire, in his official capacity as Chief, U. S. Forest Service, Steve Yurich, in his official capacity as Regional Forester, Region 1, U. S. Forest Service, Dan MacIntyre, in his official capacity as Forest Supervisor, Custer National Forest, U. S. Forest Service, Gary Wetzsteon, in his official capacity as Beartooth District Ranger, Custer National Forest, U. S. Forest Service and the Johns-Manville Sales Corporation, a Colorado Corporation, Defendants-Appellees.**

**No. 75-3477.**

United States Court of Appeals, Ninth Circuit.

June 13, 1978.

█

1. The present Secretary of Agriculture is substituted for his predecessor. Fed.R.App.P. 43(c)(1).

William L. Madden, Jr. (argued), Bozeman, Mont., for plaintiffs-appellants.

Robert T. Connery (argued), Denver, Colo., George R. Hyde (argued), Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WRIGHT and CHOY, Circuit Judges, WEIGEL *, District Judge.

WEIGEL, District Judge:

Plaintiffs below appeal from an order of the district court granting summary judgment for defendants.[2] Plaintiffs seek to challenge the decision of the Secretary of Agriculture, through the United States Forest Service ("Service"), approving a plan submitted by the Johns-Manville Sales Corporation ("JMSC") to engage in exploratory mining operations in the "Stillwater Complex" of the Custer National Forest. The plan called for JMSC (1) to drill a 3,000 foot exploration adit next to the West Fork of the Stillwater River; (2) to make spot improvements of approximately six miles of nearby road; (3) to construct a fifty foot bridge across the river; (4) to build a temporary campsite near the adit; (5) to construct a 300 foot access road to the adit; and (6) to deposit nearby approximately 4,000 cubic yards of rock extracted from the adit. The operation was to have been completed on or about September 1, 1975, at which time the temporary buildings were to have been removed. Plaintiffs assert that the decision of the Service approving the plan was made in violation of the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321 et seq. ("NEPA"). Plaintiffs' principal claim is that the Act required the Service to notify and consult with the public before the Service could validly decide that no Environmental Impact Statement was needed.

■ We have concluded that this case has become moot while on appeal. While the JMSC operation continued beyond the anticipated date of completion, all work ceased in May, 1976, when JMSC struck water in the course of its exploratory activities. While it is true, as counsel for plaintiffs pointed out at oral argument, that

---

* Hon. Stanley A. Weigel, United States District Judge, Northern District of California, sitting by designation.

2. The opinion of the district court is reported at 406 F.Supp. 742 (D.Mont.1975).

JMSC sought and received permission to extend the adit an additional 3,000 feet, that permission expired, without being used, in December, 1975. See Affidavit of J. Michael Sharratt, Exploration Manager of JMSC (filed April 5, 1978) [hereinafter "Sharratt affidavit"].[3] JMSC is also under an obligation to secure a water discharge permit from the State of Montana before it can continue its exploration. *Id.*; Affidavit of Geo. R. Hyde, Atty., U. S. Dep't of Justice (filed April 5, 1978). The temporary buildings will be removed in November or December, 1978. Sharratt affidavit.

■ Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot. *In Matter of Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir. 1977). This is especially so where, as here, no stay on appeal has been sought. *Id.* at 189.

It should be noted that this is not a case where the action involved is of a character "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). There is no reasonable possibility, based on what is before us, that JMSC will resume or repeat the exploratory operation which plaintiffs previously sought to enjoin. *Williams v. Alioto*, 549 F.2d 136, 142 (9th Cir. 1977). Moreover, the denial of review in this case on grounds of mootness will not defeat appellate adjudication on the type of questions presented in this case (before mootness developed). Appellate cases dealing with issues similar to those raised in this proceeding include, for example, *Sierra Club v. Morton*, 169 U.S.App.D.C. 20, 514 F.2d 856 (1975), *rev'd sub nom. Kleppe v.*

*Sierra Club*, 427 U.S. 390, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976); *Hanly v. Kleindienst*, 471 F.2d 823 (2d Cir. 1972, *cert. denied*, 412 U.S. 908, 93 S.Ct. 2290, 36 L.Ed.2d 974 (1973); *First Nat'l Bank of Chicago v. Richardson*, 484 F.2d 1369 (7th Cir. 1973).

Counsel for plaintiffs has suggested that the case nonetheless is not moot because JMSC may engage in similar operations in other places, attracted by the rich minerals in the area of the "Stillwater Complex", coupled with impending deadlines on exploration in the area set by the Wilderness Act, 16 U.S.C. §§ 1131 *et seq.* However, "relief under NEPA must be tailored to *remedy* the particular violations in the case; courts will not issue injunctions under NEPA only as prophylactic or punitive measures." *Realty Income Trust v. Eckerd*, 564 F.2d 447, 456 (D.C.Cir. 1977), citing *Cady v. Morton*, 537 F.2d 786, 799 n.12 (9th Cir. 1975).

The case is remanded to the district court to be dismissed as moot. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

---

3. The affidavit states that the permission expired on Dec. 18, 1976. At oral argument, counsel for JMSC indicated that this was a clerical error, and that the correct date was Dec. 18, 1975.