**STATE OF NEVADA, ex rel. NEVADA STATE BOARD OF AGRICULTURE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al., Defendants-Appellees.**

No. 81-4504.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1982.

Decided Feb. 18, 1983.

Harry W. Swainston, Deputy Atty. Gen., Carson City, Nev., for appellant/petitioner.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., Gerald S. Fish, Dept. of Justice, Jacques B. Gelin, Land & Nat. Resources Div., Dept. of Justice, Appellate Sec., Washington, D.C., for appellee/respondent.

Before SCHROEDER, FLETCHER, and NORRIS, Circuit Judges.

SCHROEDER, Circuit Judge.

The federal government owns approximately 88 percent of the land within the borders of the State of Nevada, according

to the uncontroverted allegations of the State in this case. Prior to 1964, private settlement of federally owned lands in Nevada was permitted under various federal statutes including the Homestead Act, 43 U.S.C. §§ 161–302 (1976), *repealed by* Pub.L. No. 94–579, Title VII, §§ 702, 703(a), 90 Stat. 2743, 2787–91 (1976), the Desert Land Act, 43 U.S.C. §§ 321–339 (1976), and the Pittman Underground Water Act, 43 U.S.C.A.§§ 351–360 (West 1964), *repealed by* Pub.L. No. 88–417, § 1, 78 Stat. 389 (1964). In 1964 then Secretary of the Interior Udall, with state consultation and approval, imposed a moratorium on such settlement pending completion of a study of water availability. Revision of Application Procedures for Public Lands, 29 Fed.Reg. 7294 (1964).

In 1978, the State of Nevada filed this action seeking to enjoin the moratorium and to have it declared unconstitutional. The suit can be characterized as one aspect of the movement which has come to be known as the "Sagebrush Rebellion," protesting federal ownership of land in western states. *See* Leshy, *Unraveling the Sagebrush Rebellion: Law, Politics and Federal Lands,* 14 U.C.D.L.Rev. 317 (1980). Legal arguments in favor of state title to federal lands "can be gleaned" from the briefs and the face of Nevada's complaint, but this action did not claim title to any land; it challenged only the moratorium. *Id.* at 319 n. 7.

In December of 1978 Acting Assistant Secretary of the Interior Wicks rescinded the moratorium order of 1964. Revision of Application Procedures for Public Lands, 43 Fed.Reg. 59555 (1978). Nevada filed an amended complaint after the rescission further elaborating its philosophy on federal landholding, but the amended complaint sought no additional or alternative relief to that sought in the original complaint. In this appeal from the district court's dismissal of the action, Nevada has not asked for any judicial relief other than an injunction against a similar moratorium in the future;

nor has Nevada indicated what legal rights, apart from issues relating to the moratorium, it would ask the district court to determine if the case were remanded.

Nevada agrees that this case does not involve a claim of title to land. Rather, Nevada in one of its own publications appended to its brief in this appeal, has said that the case involves the "narrower" issue of "whether federal proprietary discretion over the public lands is essentially unlimited or instead must be exercised in a manner that will result in effective rather than simply formalistic legal equality among the states." State of Nevada Legislative Council Bureau, Bulletin No. 82–1, *State Sovereignty as Impaired by Federal Ownership of Land* 7 (1982), Opening Brief of Appellant State of Nevada, Appendix A. This formulation may outline public policy objectives; but it does not describe a controversy susceptible to judicial determination. *See Aetna Life Insurance Co. of Hartford v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Cass County v. United States,* 570 F.2d 737 (8th Cir.1978).

We therefore affirm the district court's dismissal because we conclude that the only justiciable controversy which may have been presented in the case was rendered moot by the rescission of the challenged moratorium. Thus there is no present controversy to sustain this action. *See Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *Friends of the Earth, Inc. v. Bergland,* 576 F.2d 1377, 1379 (9th Cir.1978); *Hospital Association of New York State Inc. v. Toia,* 577 F.2d 790, 798 (2d Cir.1978); *Western Electric Co., Inc. v. Milgo Electronic Corp.,* 568 F.2d 1203, 1207–08 (5th Cir.), *cert. denied,* 439 U.S. 895, 99 S.Ct. 255, 58 L.Ed.2d 241 (1978), all cases illustrative of the general rule that when actions complained of have been completed or terminated, declaratory judgment and injunction actions are precluded by the doctrine of mootness.

If, of course, there were a reasonable expectation that the alleged wrong will be

repeated, the matter would not be regarded as moot. *See United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953); *Pomerantz v. County of Los Angeles,* 674 F.2d 1288, 1291 (9th Cir. 1982); *California Hospital Association v. Obledo,* 602 F.2d 1357, 1359 n. 2 (9th Cir. 1979). Nevada has not expressed any fear that a similar moratorium may be imposed, and could harbor no "legitimate concern" about such a prospect. *Pomerantz v. County of Los Angeles,* 674 F.2d at 1291–92. The rescission of the Secretary's moratorium on land applications expressly noted that there was no purpose for continued closure, in view of the preference of the State of Nevada. 43 Fed.Reg. 59555 (1978).

Since 1964, when the action challenged here was taken, federal land law has undergone substantial revision. Congress has enacted the Federal Land Policy and Management Act of 1976, Pub.L. No. 94–579, 90 Stat. 2743 (codified at 43 U.S.C. §§ 1701 to 1782 (1976)), establishing a detailed planning procedure for determining when disposal of parcels of land will serve the national interest. *See* 43 U.S.C. § 1701(a)(1) (1976). Any future challenges to actual or anticipated federal action with respect to federally held lands will arise in a different legal and historical context from that surrounding the 1964 moratorium which prompted this suit.

The district court's dismissal of this action is affirmed.