905 F.2d 308
 53 Fair Empl.Prac.Cas. 243,
53 Empl. Prac. Dec. P 40,005
Bruce G. WILLIAMS, Plaintiff-Appellant,
v.
UNITED STATES GENERAL SERVICES ADMINISTRATION; Terence C.
Golden, Jane Doe Golden, and their marital community;
Donald Heffernan, Jane Doe Heffernan, and their marital
community; Homer D. Mays, Jane Doe Mays, and their marital
community; and American Federation of Government Employees,
Defendants-Appellees.
 No. 88-4325.
 United States Court of Appeals,
Ninth Circuit.
 Argued Dec. 5, 1989.
Submitted Dec. 13, 1989.
Decided June 12, 1990.
 
 J. Michael Gallagher, Seattle, Wash., for plaintiff-appellant.
 Mark B. Stern, Dept. of Justice, Washington, D.C., and Kevin M. Grile, Staff Counsel, American Federation of Government Employees, Chicago, Ill., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before WALLACE, PREGERSON and NELSON, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Williams appeals from a judgment of the district court dismissing the action against the union defendants and granting summary judgment in favor of the federal defendants. The district court had jurisdiction over Williams's claims against the federal defendants pursuant to 42 U.S.C. Sec. 2000e-16 and 28 U.S.C. Sec. 1331. The district court dismissed Williams's claims against the union defendants for lack of jurisdiction. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm the district court on both claims.
 
 
 2
 * Williams is a black male employed by the General Services Administration (GSA) in State of Washington. He is also president of local 2600 of the American Federation of Government Employees (union). A dispute arose between Williams and GSA over reimbursement for 54 hours of official time that Williams spent representing government employees in Washington and other states. GSA conceded that Williams had the right to use official time to handle matters for employees within the area represented by local 2600, but disputed his right to use official time for matters outside of that geographical region.
 
 
 3
 Williams filed a grievance with GSA challenging this decision and the grievance was denied. The issue was whether Williams came within article 6, section 5 of the national collective bargaining agreement between GSA and the union (national agreement) which provided: "Reasonable use of another representative [of the union] will be allowed in the absence, unavailability or conflict of interest of the appropriate designated representation provided the nearest available representative is used." GSA reasoned that Williams's claim to handle matters outside the local 2600 area "exceed[ed] the 'reasonable use' criteria intended by Article 6, Section 5."
 
 
 4
 On March 27, 1987, Williams appealed the denial of his grievance to the GSA regional administrator, challenging GSA's interpretation of the "reasonable use" criteria. The appeal also charged that GSA was discriminating against Williams because of his race. Pursuant to the national agreement, Williams's grievance was then submitted to the national headquarters of GSA and the union (National Parties) for an interpretation of the language "reasonable use" and his appeal was held in abeyance until the National Parties could release a decision. The issue may be submitted to arbitration if the National Parties are unable to resolve the dispute within 15 days. They were unable to do so but, on May 6, 1987, pursuant to the national agreement, the National Parties signed a letter extending the time limit for decision and denied Williams's request to have the case submitted for arbitration.
 
 
 5
 On May 13, 1987, Williams filed an Equal Employment Opportunity (EEO) complaint with GSA charging the two National Parties, Whitney representing GSA and Mays representing the union, as well as two GSA supervisors, with mishandling the processing of his official time grievance. This complaint was rejected. Williams then filed suit in federal district court.
 
 
 6
 Three weeks after filing this lawsuit, Williams filed an unfair labor practice charge with the Federal Labor Relations Authority (FLRA), alleging that GSA had violated Article 11, Section 8 of the national agreement by holding his official time grievance in abeyance. Article 11, section 8 provides that discrimination complaints will be handled "justly and expeditiously."
 
 
 7
 On October 23, 1987, the National Parties rendered their decision regarding Williams's official time grievance. They held that Williams's claim that the denial of official time violated the Federal Labor Relations Act was within the exclusive jurisdiction of the FLRA, that GSA management correctly applied the reasonable use clause of the national agreement, and that GSA management and the local union were authorized to proceed with arbitration on Williams's racial discrimination claim.
 
 
 8
 A short time after this decision, the FLRA regional director refused to issue an unfair labor practices complaint regarding Williams's grievance that the holding in abeyance of his complaint by the National Parties was illegal. This decision was upheld by the FLRA general counsel. Finally, Williams's racial discrimination claim, which had been submitted for arbitration by the National Parties, was dismissed by the arbitration panel because it fell short of establishing a prima facie case.
 
 
 9
 Williams's action in the district court, however, continued apace. His complaint alleged that the union, GSA, and the other union and federal defendants discriminated against him by holding his claim in abeyance for an unreasonably long period of time. He requested relief in the form of at least $30,000 in damages and an injunction requiring that his grievance be processed, and requiring GSA to represent him in connection with the grievance.
 
 
 10
 The district court dismissed Williams's complaint against the union and union officials on the ground that the FLRA had exclusive jurisdiction over the claims. The district court also granted the federal defendants' motion for summary judgment, concluding that since Williams had failed to present "substantial evidence in response to the defendant's showing of a legitimate business reason for the action taken," he had failed to make out a prima facie case.
 
 II
 
 11
 Questions of mootness are reviewed de novo. Stop H-3 Association v. Dole, 870 F.2d 1419, 1423 (9th Cir.1989); Coverdell v. Department of Social and Health Services, 834 F.2d 758, 766 (9th Cir.1987). A district court's dismissal of an action for lack of jurisdiction is also reviewed de novo. Spawr v. United States, 796 F.2d 279, 280 (9th Cir.1986).
 
 
 12
 Summary judgment is reviewed de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 III
 
 13
 In his complaint, Williams requested, as part of his relief, that the parties be compelled to process his grievance and that the union be required to represent him in connection with his grievance. Williams's grievance has now been processed and there is no further need for representation in connection with it. Thus, insofar as Williams's appeal relates to those claims for relief, his appeal has been mooted. See Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1389 (9th Cir.1985) ("Generally, an action is mooted 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' "), quoting Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982); Nevada v. United States, 699 F.2d 486, 487 (9th Cir.1983) ("the general rule [is] that when actions complained of have been completed or terminated, ... injunctive actions are precluded by the doctrine of mootness"). In examining this appeal, therefore, we need only consider Williams's claims as they relate to his requested relief of damages. We first consider Williams's claim against the federal defendants.
 
 IV
 
 14
 Williams brought an action against the federal defendants under Title VII, 42 U.S.C. Sec. 2000e-16. The district judge considered Williams's Title VII claim against the federal defendants and granted summary judgment. Quoting Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983), he held that Williams failed to present "specific facts showing that there remains a genuine issue for trial" or any evidence " 'significantly probative' as to any [material] fact claimed to be disputed." We affirm the district court's decision, but on different grounds. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1313 (9th Cir.1989) ("We may affirm a grant of summary judgment on any ground supported by the record before the district court at the time of the ruling.").
 
 
 15
 As we discussed earlier, Williams's claim against the federal defendants is moot insofar as it calls for injunctive relief because his claim has already been processed. Williams's remaining claim against the federal defendants is for at least $30,000 in damages. The record clearly indicates that Williams's claim for damages was not intended to be a claim for back pay, and Williams's counsel conceded this fact at oral argument.
 
 
 16
 The record indicates that Williams is claiming either punitive damages or damages for emotional distress, neither of which is available under the remedies section of Title VII, 42 U.S.C. Sec. 2000e-5(g). See Shah v. Mt. Zion Hospital & Medical Center, 642 F.2d 268, 272 (9th Cir.1981) ("Emotional and punitive damages do not constitute equitable relief or back pay, the categories statutorily authorized [under Sec. 2000e-5(g) ]."); Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982) ("42 U.S.C. Sec. 2000e-5(g) provides only for equitable relief, including back pay. It does not provide for damages. The very detailed provisions of Sec. 2000e-5 almost compel the conclusion that Congress intentionally left out any provision for either general or punitive damages."). "It is ... an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be especially reluctant to provide additional remedies." Karahalios v. National Federation of Federal Employees, Local 1263, 489 U.S. 527, 109 S.Ct. 1282, 1286, 103 L.Ed.2d 539 (1989). Since emotional and punitive damages are not available under Title VII, Williams's claim under Title VII fails.
 
 
 17
 Williams may also be attempting to sue the individual federal defendants based upon a Bivens-type theory or a tort theory. Yet the Supreme Court has squarely held that a federal employee cannot assert an extra-statutory damages claim for violations arising out of the employment context where an adequate statutory procedure exists for dealing with such claims. Bush v. Lucas, 462 U.S. 367, 374-90, 103 S.Ct. 2404, 2409-17, 76 L.Ed.2d 648 (1983). Furthermore, where a federal employee pursues a Title VII claim against the government, he is precluded from asserting discrimination claims against individual federal employees who may have participated in the case. White v. General Services Administration, 652 F.2d 913, 916-17 (9th Cir.1981).
 
 V
 
 18
 The district court dismissed Williams's complaint against the union defendants for lack of jurisdiction because his complaint alleged an unfair labor practice and was therefore subject to the exclusive jurisdiction of the FLRA pursuant to the Civil Service Reform Act of 1978, 5 U.S.C. Sec. 7101 et seq. (CSRA). On appeal, Williams argues that the district court erred in dismissing for lack of jurisdiction because his claim is covered by Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq.
 
 
 19
 We need not reach the issue of whether Williams's claim against the union defendants is subject to the exclusive jurisdiction of the FLRA or whether his claim is also covered by Title VII. Because Williams's claim for injunctive relief is moot and because his damages claim is unavailable under Title VII, his claim against the union defendants fails even if Title VII were applicable.
 
 
 20
 We also need not reach the issue of whether the district court erred in dismissing Williams's claim against individual union defendants Homer and Norma Jean Mays. Williams did not raise the issue in his briefs filed with us. "The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." Miller v. Fairchild Industries, Inc., 797 F.2d 727, 738 (9th Cir.1986); see also International Union of Bricklayers and Allied Craftsmen Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Since Williams has failed to argue this matter, we decline to consider it.
 
 VI
 
 21
 Finally, Williams seeks attorneys' fees pursuant to 42 U.S.C. Sec. 2000e-5(k). Since Williams is not a prevailing party, he is not entitled to attorneys' fees under this statute. The union defendants also seek attorneys' fees pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38. Under those provisions, "[w]e have discretion to award attorney's fees and costs as a sanction against a frivolous appeal." DeWitt v. Western Pacific Railroad Co., 719 F.2d 1448, 1451 (9th Cir.1983). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Id. Since Williams's appeal is not wholly without merit, we decline to award attorneys' fees to the union defendants.
 
 
 22
 AFFIRMED.