967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard O. REB'LL, Plaintiff-Appellant,
v.
Donald B. RICE, Office of the Secretary, Department of the
Air Force, in his capacity as head of the
Department of the Air Force, Defendant-Appellee.
 No. 91-15413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1992.
Decided June 22, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Reb'll, a former bartender at Wheeler Air Force Base, appeals the district court's dismissal of his Title VII action to the Office of the Secretary of the Air Force (the "Secretary"). We affirm in part, reverse in part, and remand.
 
 
 3
 * A federal employee complainant is required to seek redress with the employing agency, in this case the Air Force, before filing a suit under 42 U.S.C. § 2000e-16. Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976). The claimant must allow the agency at least 180 days to issue a final determination of the claim. 42 U.S.C. § 2000e-16(c). If the agency does not act within 180 days or if the complainant is still aggrieved after the agency's final action, he has the option of either filing a civil action or appealing to the EEOC. Id. If a complainant chooses to appeal to the EEOC, he must also allow the EEOC 180 days to act. Id. If no action is taken, or if he is aggrieved by the EEOC decision, he may then file a civil action. Id.
 
 
 4
 The district court held that Reb'll failed to exhaust administrative remedies because "he never filed a claim with the agency prior to filing this suit." The Secretary and the district court both point to Reb'll's failure to satisfy specific procedural hurdles outlined in 29 C.F.R. § 1613.214(a), which requires that a complaint by a federal employee of discrimination forbidden by Title VII must
 
 
 5
 be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:
 
 
 6
 (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of the matter, or, if a personnel action, within 30 days of its effective date; and
 
 
 7
 (ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Opportunity Counselor.
 
 
 8
 29 C.F.R. § 1613.214(a)(1). 29 C.F.R. § 1613.214(a)(2) provides:
 
 
 9
 The appropriate officials to receive complaints are the head of the agency, the agency's Director of Equal Employment Opportunity, the head of a field installation, and such other officials as the agency may designate for that purpose.
 
 
 10
 The district court stated that Reb'll neither "brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against ... [nor] submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor." Reb'll does not claim to have ever spoken with an EEO counselor.
 
 
 11
 Reb'll argues that by filing his signed, typewritten statement, which described his termination and his sex discrimination charge, with Biscocho at the Hickam Civilian Personnel Office on November 9, 1985, he satisfied the exhaustion requirement. The district court, however, made no mention of Reb'll's written complaint in its orders. Construing the facts in the light most favorable to Reb'll, his complaint filed with the Personnel Office satisfied the exhaustion requirements of Title VII. The purpose of exhaustion is not to "erect a massive procedural roadblock to access to the courts," but rather "is intended to give the agency notice and the opportunity to right any wrong it may have committed." McRae v. Librarian of Congress, 843 F.2d 1494, 1496 (D.C.Cir.1988) (internal quotation omitted); see also Wade v. Secretary of the Army, 796 F.2d 1369, 1377 (11th Cir.1986) ("Good faith effort by the employee to cooperate with the agency ... and to provide all relevant, available information is all that exhaustion requires."); President v. Vance, 627 F.2d 353, 362 (D.C.Cir.1980) (Strict adherence to technicalities is "particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.") (internal quotation omitted).
 
 
 12
 It is undisputed that Reb'll spoke with Biscocho, the Senior Administrator for Civilian Personnel at all three Air Force bases on the island of Oahu, regarding his sex discrimination complaint. Biscocho's failure to refer Reb'll to an EEO officer may estop the government from raising failure to exhaust as a defense. See, e.g., Bethel v. Jefferson, 589 F.2d 631, 646 (D.C.Cir.1978) ("If the complaint should have been addressed elsewhere, the Mayor, we think, had an obligation to refer [the complainant] to the proper forum."). In fact, Reb'll alleges that Biscocho told him not to pursue other avenues of relief. See Arnold v. United States, 816 F.2d 1306, 1310 (9th Cir.1987) (remanded for findings on whether failure to fully and timely raise Title VII claim with EEO counselor was subject to equitable tolling); Jarrell v. United States Postal Serv., 753 F.2d 1088, 1092 (D.C.Cir.1985) ("The failure to contact an EEO Counselor within thirty days of the alleged discriminatory event may be excused if it is the result of justifiable reliance on the advice of another government officer."); see also Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir.1985).
 
 
 13
 Reb'll has alleged sufficient facts to preclude dismissal of his claim on the ground that he failed to exhaust his administrative remedies. We reverse the district court's judgment and remand for trial to determine whether Reb'll, as a matter of fact, sufficiently placed the Secretary on notice to satisfy the exhaustion requirement.
 
 II
 
 14
 Reb'll's claim that Title VII allows punitive damages is without merit. In fashioning relief, the Supreme Court has reminded lower courts that the purpose of Title VII is to make whole persons who suffer injury on account of unlawful employment discrimination. Albemarle Paper Co. v. Moody, 422 U.S. 405, 419 (1975). Therefore, punitive damages are not available under Title VII. See Williams v. United States General Services Administration, 905 F.2d 308, 311 (9th Cir.1990). The district court acted correctly in striking Reb'll's plea for punitive damages from his complaint. Each side shall bear its own costs. AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3