24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth D. PETERSON, Jr., Individually and for the Benefit
of His Minor Children Emily C. Peterson and Erik
K. Peterson, Plaintiffs-Appellants,
v.
STATE OF WASHINGTON; Robert S. Turner, in His Official
Capacity as Director of the Washington Department of
Fisheries; State of Oregon; Rod Ingram, in His Official
Capacity as Acting Director of the Oregon Department of Fish
and Wildlife, Defendants-Appellees.
 No. 94-35160.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided May 13, 1994.
 
 Before: ALARCON, NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kenneth Peterson appeals from the denial of his motion to enjoin the winter 1994 fishing season authorized by Washington and Oregon on the lower Columbia River. Because the appeal is moot, we dismiss and remand to the district court for trial on the merits.
 
 
 3
 On February 15, 1994, when Peterson initially filed his motion to enjoin the winter commercial season on the Columbia River, the harvest was underway. The fishing season was also in progress on February 18, 1994, the date the district court denied Peterson's motion for a preliminary injunction. The season ended on March 9, 1994. Washington and Oregon contend that the question whether the district court erred in denying a preliminary injunction is now moot.
 
 
 4
 The judicial authority of this court extends only to "[c]ases" and "[c]ontroversies." U.S. Const. art. III, Sec. 2. When the issues presented are no longer "live," an action is moot. Headwaters, Inc. v. Bureau of Land Mgmt., 893 F.2d 1012, 1015 (9th Cir.1989). We cannot take jurisdiction over an action for which no effective relief can be granted. United States v. Geophysical Corp. of Alaska, 732 F.2d 693, 698 (9th Cir.1984).
 
 
 5
 The single issue before us is whether the district court erred when it denied Peterson's motion to enjoin a fishing season which has since come to an end. The only relief we could grant would be to direct the district court to enjoin a fishery which has ended. Such relief is obviously ineffective today.
 
 
 6
 The facts presented in this appeal are similar to those in Sohappy v. Smith, 529 F.2d 570 (9th Cir.1976). In Sohappy, the states of Washington and Oregon sought a preliminary injunction to restrain certain Indian tribes from engaging in commercial fishing on the Columbia River during the 1974 spring chinook run. Id. at 572. The district court denied the injunction and Washington appealed. Id. We dismissed the appeal. We noted that although the order denying the preliminary injunction was appealable under 28 U.S.C. Sec. 1292(a)(1), the appeal had become moot because the 1974 run had ended. Id.; see also Friends of the Earth, Inc. v. Bergland, 576 F.2d 1377, 1379 (9th Cir.1978) ("Where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot."). In this matter, Peterson's interlocutory appeal has similarly become moot because the fishing season he sought to enjoin ended two months ago.
 
 
 7
 Peterson contends that "[t]he case is not moot because the [Endangered Species Act] violations here are capable of repetition yet evading review." Peterson's argument is directed at the underlying issue which has not yet been resolved by the district court--whether the defendants in this action may utilize section 7 of the Endangered Species Act, 16 U.S.C. Sec. 1536, or must follow the procedures outlined in section 10, 16 U.S.C. Sec. 1539. This is the issue which Peterson argues will recur yet evade review. But this question is not before us because the district court has not yet determined the merits of Peterson's claim. Peterson has not explained how the issue which is before us--whether the 1994 winter gillnet season should be enjoined--is capable of repetition yet evading review.
 
 
 8
 Peterson argues that this case should not be remanded to the district court because "[it] has, for all practical purposes, finally determined the merits of the dispute." Peterson notes that the district court stated "I am going to tell you that you have got a denial of an injunction. Whether you want to call it permanent, temporary or what, you want me to make a ruling [on] that. That is the ruling you are going to get." Presumably, Peterson's contention is also based upon the district court's statements that "the actions taken by the [C]ompact ... qualify as agency action under Section 7" and that it "find[s] that Section 7 consultation which resulted in the issuance of an incidental take statement satisfies the lawful requirement of the Endangered Species Act."
 
 
 9
 The district court's statements merely reflect its view of the likelihood that Peterson would prevail on the merits of his claim based on the evidence and arguments presented in support of the request for a preliminary injunction. The court noted it was "leav[ing] the rest of the case intact." We therefore dismiss Peterson's appeal as moot and remand to the district court for trial on the merits. Upon remand, the district court must consider the evidence and legal arguments pertinent thereto prior to entering a final judgment on the merits of Peterson's claim that the defendants in this matter must follow the procedures set forth in section 10 of the Endangered Species Act, 16 U.S.C. Sec. 1539. The district court's final judgment on that issue will then be ripe for review by this court.
 
 
 10
 DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3