**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN DEFENSE OF ANIMALS;
DREAMCATCHER WILD HORSE AND
BURRO SANCTUARY; BARBARA
CLARKE; CHAD HANSON; LINDA
HAY,
                    *Plaintiffs-Appellants,*

                    v.

UNITED STATES DEPARTMENT OF THE
INTERIOR; BUREAU OF LAND
MANAGEMENT; KEN SALAZAR,
Secretary of the U.S. Department
of the Interior; ROBERT ABBEY,
Director of the Bureau of Land
Management; KEN COLLUM, Acting
Field Manager of Eagle Lake
Field Office,
                    *Defendants-Appellees.*

No. 10-16715

D.C. No.
2:10-cv-01852-
MCE-DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
January 11, 2011—San Francisco, California

Filed August 15, 2011

Before: Mary M. Schroeder, Johnnie B. Rawlinson, and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion;
Dissent by Judge Rawlinson

10849

**COUNSEL**

Rachel Fazio, Cedar Ridge, California, for plaintiffs-appellants In Defense of Animals, et al.

David C. Shilton, Washington, D.C., for defendants-appellees Kenneth L. Salazar, Secretary of the Interior, et al.

---

## OPINION

PER CURIAM:

This interlocutory appeal arises from an action instituted in the district court to stop the government from rounding up, destroying, and auctioning off wild horses and burros in the Twin Peaks Herd Management Area on the California-Nevada border. Plaintiffs allege that the government's actions will violate the Wild Free-Roaming Horses and Burros Act ("Wild Horses Act"), 16 U.S.C. § 1331 et seq., and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq.

Plaintiffs are two non-profit organizations dedicated to protecting wild horses and burros, In Defense of Animals and Dreamcatcher Wild Horse and Burro Sanctuary, as well as members of these organizations, Barbara Clarke, Chad Hanson, and Linda Hay (collectively "Plaintiffs"). Plaintiffs filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction on August 5, 2010 to stop the roundup of horses that was scheduled to begin August 9, 2010 and to last 45-60 days. The district court denied the injunction, a motions panel at this court denied an emergency motion for injunctive relief pending appeal on August 10, 2010, and the roundup has now taken place. The horses are currently offsite and the remainder of the plan is apparently going forward.

Plaintiffs' motion raises serious legal questions concerning whether the large-scale removal of horses conflicts with the Wild Horses Act and whether an Environmental Impact Statement is required before any action can be implemented. The motion for preliminary injunction sought to enjoin only the

effects of implementing the initial phase. The motion for preliminary injunction sought to "preserve the status quo," i.e. enjoin the Twin Peaks Roundup of over 2,000 wild horses and 200 burros. Significantly, plaintiffs' motion alleges that the "irreparable harm" to plaintiffs will flow from the proposed "illegal roundup."

[1] The initial stage of the plan has, however, now concluded and the roundup has taken place. This appeal, therefore, is moot. We reached the same conclusion in a similar case. *Am. Horse Prot. Ass'n, Inc. v. Watt*, 679 F.2d 150, 151 (9th Cir. 1982) (noting that the court "cannot order [the completed roundup's] effects undone"). We express no opinion here as to whether the entire action is moot. It remains pending before the district court.

[2] The dissent appears to construe our holding to be that plaintiffs' case is moot. This is incorrect. We hold only that this interlocutory appeal from the denial of a preliminary injunction is moot because the roundup sought to be enjoined has taken place. In the event that plaintiffs prevail on the merits of their claims, the district court should consider what relief is appropriate.

[3] The posture of this case is similar to that in *Animal Legal Defense Fund v. Shalala*, 53 F.3d 363 (D.C. Cir. 1995), where the action that the plaintiff sought to preliminarily enjoin had already occurred. *Id.* at 366. In dismissing the appeal, the court said that the "parties no longer have a legally cognizable interest in the determination of whether the preliminary injunction was properly denied." *Id.* It then went on to say that "the underlying dispute . . . remains alive." *Id.* The same is true, insofar as the record before us reflects in this case.

This appeal must be dismissed. Any further appeals in the underlying action shall be expedited and calendared before this panel.

**DISMISSED**.

---

RAWLINSON, Circuit Judge, dissenting:

I do not agree with the majority's view that the injunctive relief sought pursuant to the National Environmental Policy Act (NEPA) has been mooted.

A claim for relief is not moot so long as we can provide effective relief, in this case return of the horses to their native habitat. *Cf. Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) (holding case moot where "courts cannot undo what has already been done").

It is undisputed that the BLM rounded up all the horses on the range and then decided which horses should be released back into the Twin Peaks area and which should be transported to holding areas.

This would be a different case if the horses who were rounded up had all been dispersed. But that is not what happened. The horses that were rounded up are currently being kept in various holding areas throughout the southwestern United States. As easily as the horses were transported out of their natural habitat, they can be returned. In this circumstance, relief is available and the request for injunctive relief is not moot. *See Nw. Envt'l Dfs. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988).

The majority reasons that this appeal is moot because "[t]he motion for preliminary injunction sought to enjoin only the effects of implementing the initial phase." *See Opinion*, p.10851-52. There are two bases for challenging this reasoning. The first basis is that removal of the horses was part of the initial phase. Indeed, the *status quo* sought by the Plaintiffs in the motion was return of the horses to their native hab-

itat. The second basis is that the determination of mootness is not tied to the initial remedy sought. Rather, "in deciding a mootness issue, the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief." *Nw Envt'l Dfs. Ctr.*, 849 F.2d at 1244-45 (citation and internal question mark omitted). Undoubtedly, effective relief can be granted in this case by returning the removed horses to their natural habitat. The majority is incorrect in thinking that I construe the majority decision as holding that the entire case is moot. *See Majority Opinion*, p. 10852. Not so. My dissent is based on the majority's erroneous conclusion that the plaintiffs' interlocutory appeal is moot. With a ready remedy available, this appeal is not moot. For that reason, I respectfully dissent.