752 F.2d 410
 36 Fair Empl.Prac.Cas. 1417,
36 Empl. Prac. Dec. P 34,958, 1 A.D. Cases 686
 Keith BOYD, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; William F. Bolger,
Postmaster; United States; Does 1 Through 5
Inclusive, Defendants-Appellees.
 No. 83-4064.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 4, 1984.
Decided Jan. 22, 1985.
 
 Neil R. Sarles, Seattle, Wash., for plaintiff-appellant.
 David G. Karro, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before BROWNING and CANBY, Circuit Judges and CROCKER,* District judge.
 CANBY, Circuit Judge:
 
 
 1
 Boyd appeals the district court's judgment in favor of the United States Postal Service. Boyd sued under sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. Secs. 791 and 794, alleging that the United States Postal Service discriminated against him on account of handicap and refused to provide him reasonable accommodation. We affirm.
 
 FACTS
 
 2
 Boyd began to work for the Postal Service in Seattle on April 17, 1968. After ten months he resigned to enlist in the army. He completed a 13-month tour in Vietnam as a helicopter pilot. After he was honorably discharged, he was reinstated with the Post Office on April 12, 1971. In December of 1977, Boyd abandoned his job and resigned on March 7, 1978. Between 1978 and 1980, he walked away from two other, non-postal jobs.
 
 
 3
 In 1980 he was diagnosed as a victim of Post Traumatic Stress Disorder (PTSD), a disorder suffered by some Vietnam veterans as a result of severe combat experiences. He received individual psychological therapy every other week for twenty weeks and sixteen weeks of group therapy. His primary symptom was "running away" behavior evidenced by sporadically leaving his jobs and family.
 
 
 4
 In June 1980, after he started therapy, Boyd applied for reinstatement to the Seattle Post Office. He was denied reinstatement in September 1980. In the interim and subsequently he sought intervention from Senator Henry Jackson's office and the Postal Service EEO officer. His case was reviewed and he was told that when he finished therapy the Post Office would reconsider. On February 27, 1981, the Service denied reconsideration of his reinstatement request.
 
 ISSUES
 
 5
 Boyd's appeal presents the following issues: (1) whether a claim against the Postal Service for employment discrimination on the basis of handicap may be brought under section 504 of the Rehabilitation Act, as well as under 501; (2) whether, if so, the plaintiff must first exhaust administrative remedies; and (3) whether Boyd exhausted his administrative remedies. Because we find these procedural issues determinative of the appeal, we need not reach a fourth issue presented by Boyd: whether the district court applied the correct legal standard in deciding the merits of Boyd's claim.
 
 DISCUSSION
 
 6
 The Rehabilitation Act of 1973, 29 U.S.C. Secs. 701-794 (1975 & Supp.1983), was initially intended primarily to help states develop and implement vocational rehabilitation services for handicapped persons. It was later amended to provide more comprehensive protection for handicapped persons subjected to discriminatory treatment. See 29 U.S.C. Sec. 701 (1975 & Supp.1983) (congressional declaration of purposes).
 
 
 7
 Section 501 of the Act in its original form required federal agencies, including the Postal Service, to adopt affirmative action plans for employment of the handicapped, but it contained no private right of action. In 1978 Congress added such a right by enacting section 505(a)(1), 29 U.S.C. Sec. 794a(a)(1), which provided that the rights and remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-16, were available to a person complaining of discrimination in violation of Section 501. One effect of this incorporation was that the requirement of exhaustion of administrative remedies applicable to federal employees under Title VII, see Brown v. General Services Administration, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976), was imported into claims brought under section 501.
 
 
 8
 Boyd seeks to avoid the requirement of exhaustion by contending that his claim may be brought under section 504 of the Act, 29 U.S.C. Sec. 794, and that no requirement of exhaustion exists for claims brought under that section by private individuals. In its original form, section 504 provided that "[n]o otherwise qualified handicapped individual ... [shall], solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The primary thrust of the provision was therefore to reach and prohibit discrimination by non-governmental agencies receiving federal funds. Congress expanded Section 504 in 1978 by adding to the covered activities "any program or activity conducted by an Executive agency or by the United States Postal Service." The 1978 amendments also included, in Section 505(a)(2) of the Act, 29 U.S.C. Sec. 794a(2), a provision that the remedies and rights set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d et seq., were available to a person aggrieved "by any recipient of Federal assistance or Federal provider of such assistance" under section 504.
 
 
 9
 It was by no means apparent on the face of this statutory scheme that section 504, as amended, applied to claims of employment discrimination, but the Supreme Court has since clearly indicated that it does, whether or not the federal assistance is directed toward providing employment. Consolidated Rail Corp. v. Darrone, --- U.S. ----, ----, 104 S.Ct. 1248, 1253-55, 79 L.Ed.2d 568 (1984).
 
 
 10
 Boyd contends that the private right of action under section 504 recognized for federally assisted enterprises in such cases as Consolidated Rail should be available to him as a direct employee of a federal agency, even though discrimination by that agency is far more specifically prohibited by section 501. What Boyd hopes to gain by this argument is an escape from the requirements of exhaustion. We held in Kling v. County of Los Angeles, 633 F.2d 876, 879 (9th Cir.1980), that a private plaintiff suing a federally assisted activity under section 504 was not required to exhaust administrative remedies because the applicable administrative procedures do not afford relief to individual complainants. See Cannon v. University of Chicago, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) (Title IX administrative remedies inadequate for private complainant); Camenisch v. University of Texas, 616 F.2d 127, 135 (5th Cir.1980) (applying Cannon rule to section 504).
 
 
 11
 We reject Boyd's tactical arguments on several grounds. First, we agree with the Seventh Circuit that "it is unlikely that Congress, having specifically addressed employment of the handicapped by federal agencies (as distinct from employment by recipients, themselves nonfederal, of federal money) in section 501, would have done so again a few sections later in section 504." McGuinness v. United States Postal Service, 744 F.2d 1318 at 1321 (7th Cir.1984). Because Boyd's claim was covered clearly by section 501, with its specific exhaustion requirements imposed by section 501(a)(1), we cannot accept the argument that he should be able to invoke section 504 to circumvent those exhaustion requirements. We therefore hold, as did the Seventh Circuit in McGuinness, that section 501 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap.
 
 
 12
 We must observe as well that even if Boyd were to prevail in his contention that section 504 offers him an alternative remedy, we would feel compelled to read into that remedy the same exhaustion requirements of Title VII of the Civil Rights Act of 1964 that apply under section 501. That is precisely the result reached by the Fifth Circuit in Prewitt v. United States Postal Service, 662 F.2d 292 (5th Cir.1981). Accord, Smith v. United States Postal Service, 742 F.2d 257 (6th Cir.1984). Title VII is the exclusive remedy for discrimination by the federal government on the basis of race, religion, sex or national origin. Brown v. General Services Administration, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Like the Seventh Circuit, we "cannot believe that, given the Brown decision, Congress would have wanted us to interpret the Act as allowing the handicapped--alone among federal employees or job applicants complaining of discrimination--to bypass the administrative remedies in Title VII." McGuinness, at 1322.
 
 
 13
 It therefore makes little practical difference to Boyd that we conclude, as we do, that his claim of discrimination in employment against the Postal Service is cognizable under section 501 and not 504. He must meet the exhaustion requirement.
 
 EXHAUSTION OF ADMINISTRATIVE REMEDIES
 
 14
 The district court dismissed Boyd's discrimination claim because of his failure to exhaust available administrative remedies in a timely fashion. The regulations require that a complainant bring his grievance to the attention of the EEO counselor within 30 calendar days of the effective date of the personnel action. 29 C.F.R. Sec. 1613.214(a)(i)(1984). A timely filing of an EEOC charge is not a jurisdictional prerequisite to suit. Zipes v. Trans World Airlines, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); Ross v. United States Postal Service, 696 F.2d 720, 722 (9th Cir.1983). We treat the 30 day time limit here as a statute of limitations and it is subject to waiver, estoppel and equitable tolling.
 
 
 15
 The Postal Service communicated to Boyd its final refusal to reinstate him in a letter dated February 27, 1981. Boyd did not attempt to contact an EEO counsel until May 13, 1981.[1] Boyd argues that the matter was not final on February 27 because correspondence was still continuing between Senator Jackson's office and Postmaster General Bolger. We agree with the district court that the correspondence Boyd relies on in no way promises that the Postmaster General would personally review the merits of Boyd's application for reinstatement. Postmaster General Bolger merely stated that Senator Jackson's letter was receiving attention.
 
 
 16
 The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights. Bickham v. Miller, 584 F.2d 736, 738 (5th Cir.1978). We agree with the district court that in the face of the February 27, 1981, letter stating that the decision not to reinstate Boyd was "final," Boyd's failure to act was not an exercise of reasonable prudence.
 
 
 17
 Boyd next argues that because the Post Office accepted the complaint and began an investigation, it waived the right to contest timeliness and extended the time limit pursuant to the regulations. See 29 C.F.R. Sec. 1613.214(a)(4) (1984). We disagree. The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination. See Saltz v. Lehman, 672 F.2d 207, 208 (D.C.Cir.1982); Oaxaca v. Roscoe, 641 F.2d 386, 389-90 (5th Cir.1981).
 
 
 18
 Finally, nothing in this record compels the application of the principles of estoppel or equitable tolling. Boyd was not affirmatively misled by a Postal Service official nor was he unaware of the appropriate administrative procedures. Because he did not bring his grievance to the attention of the EEO counselor within 30 calendar days of the final personnel action, Boyd is precluded from pursuing his claim in federal courts.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation
 
 
 [1]
 Boyd claims that he attempted to file a complaint on April 17, 1981, but it was rejected. He argues that the EEOC views an "attempt" to file a complaint as tolling all applicable time periods. Even if that were so, the "attempted" filing was still more than 30 calendar days from the February 27, 1981 date of the final personnel action and thus does not change the result that Boyd has failed to exhaust administrative remedies in a timely fashion