980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julia R.G. COLEMAN, Plaintiff-Appellant,
v.
MERCY GENERAL OF SACRAMENTO, Defendant-Appellee.
 No. 91-16201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Dec. 9, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julia R.G. Coleman timely appeals pro se the entry of summary judgment in favor of appellee, Mercy General Hospital (Mercy), dismissing her Title VII employment discrimination suit. We affirm on the ground that appellant's suit is timed barred.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Coleman is an Hispanic woman who was employed by Mercy as a registered nurse. Coleman alleges that she was subjected to different terms and conditions of employment, harassed and intimidated on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. Coleman alleges a pattern of discriminatory acts occurred from 1982 to 1987, and that she discovered the last discriminatory practice in December 1987.
 
 
 4
 On April 14, 1988, Coleman filed a complaint against Mercy with the Office of Civil Rights (OCR). OCR referred the complaint to the Equal Employment Opportunity Commission (EEOC) on May 6, 1988. The EEOC concluded that the complaint was untimely filed and issued a right to sue letter on July 15, 1988. The district court treated Coleman's administrative complaint as filed with the EEOC effective April 14, 1988.
 
 
 5
 Coleman contended that she attempted to file a discrimination complaint against Mercy with the California Department of Fair Employment and Housing (DFEH) on February 18, 1987 and again on March 6, 1987 but was rebuffed by the agency. Coleman stated that her DFEH file included a Verification of Attempt to File on March 6, 1987. The Verification acknowledged her attempt to file a complaint but stated that after "careful consideration and evaluation" the agency had decided not to accept the complaint. Coleman stated she received the Verification of Attempt to File on December 4, 1987 after her attorney requested her DFEH file.
 
 
 6
 Mercy filed a motion for summary judgment arguing that Coleman's action was time barred because she failed to file her complaint with the EEOC within 180 days of the last alleged act of discrimination. 42 U.S.C. § 2000e-5(e)(1).[1] Coleman opposed Mercy's motion. She contended that two discriminatory practices arose within 180 days of her EEOC filing. Moreover, she argued that she had attempted to file a charge with the DFEH, a state agency, and thus, under § 2000e-5(e)(1), she had up to 300 days from the last discriminatory practice to file a complaint with the EEOC.
 
 
 7
 The district court held that in order for Coleman's EEOC complaint to have been timely, an unlawful employment practice must have been discovered on or after October 17, 1987, the 180th day prior to April 14, 1988--the day Coleman was deemed to have filed with the EEOC.[2] The court concluded that as a matter of law, no unlawful employment practice was discovered after October 17, 1987. Therefore, it granted Mercy's motion for summary judgment and dismissed the complaint.
 
 II.
 JURISDICTION
 
 8
 The district court had jurisdiction pursuant to 28 U.S.C. § 1331. This court has jurisdiction pursuant to 28 U.S.C. § 1291.
 
 III.
 STANDARD OF REVIEW
 
 9
 A grant of summary judgment is reviewed de novo. State Farm Mut. Auto Ins. Co. v. Davis, 937 F.2d 1415, 1417 (9th Cir.1991). This Court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the law. Id.
 
 IV.
 DISCUSSION
 
 10
 Coleman alleged a continuing violation of Title VII based on a series of related acts. In order to maintain her action, one the alleged acts must have fallen within the 180 day limitations period. See Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir.1989). Thus, Coleman's action is time barred unless she discovered an unlawful employment practice on the part of Mercy on or after October 17, 1987. 42 U.S.C. § 2000e-5(e)(1); see also Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985) (Time period for filing a discrimination complaint begins to run when facts that would support a charge would have been apparent to a similarly situated person with a reasonably prudent regard for his rights).
 
 
 11
 Coleman alleged two unlawful employment practices were discovered or occurred after October 17, 1987, but neither removes the 180 day bar.
 
 
 12
 1. Coleman's Transfer to the Rehabilitation Unit
 
 
 13
 Coleman testified in her deposition that she voluntarily elected to transfer to the rehabilitation unit after speaking with Sister Bridgette, a hospital official, on February 24, 1987. Coleman transferred in March 1987.
 
 
 14
 Coleman claims that unknown to her, an order dated February 9, 1987 transferring her to rehabilitation was placed into her personnel file. Coleman maintains that this transfer order was racially discriminatory because she was required to work weekends in the rehabilitation unit and was prevented from seeing her children. She does not allege that Sister Bridgette knew about the order or that Sister Bridgette's suggestion that she transfer was racially motivated. Coleman claims she did not discover the transfer order until December 1987, and thus, her claim arose within the limitations period.
 
 
 15
 The problem with this contention is that there was no act of discrimination to discover in December 1987. Coleman testified that she voluntarily transferred to rehabilitation at Sister Bridgette's request. Thus, although she may have discovered the transfer order within the limitations period, the order did not affect her transfer.
 
 2. The Translation Incident
 
 16
 Coleman testified in her deposition that in June or July of 1987 she was informed by Mercy that she could not act as a volunteer Spanish translator in the rehabilitation unit on her days off. She claimed this decision was racially discriminatory because it deprived Spanish speaking persons in the rehabilitation unit of interpretation services.
 
 
 17
 This claim, as Mercy maintains, also appears to be time barred. However, in her opposition to Mercy's motion for summary judgement, Coleman claimed for the first time that she was actually informed "on or about November 19, 1987" that she could not translate. Thus, she contended that this claim was timely.
 
 
 18
 Coleman's claim was neither verified, nor did she provide any supporting affidavits. The district court properly declined to consider this new assertion. Mercy had provided Coleman's deposition testimony in which she stated that the incident occurred in June or July 1987. Thus, the court was not required to consider the unsworn, unverified allegations to the contrary contained in Coleman's opposition. See Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).
 
 3. The Attempt to File with DFEH
 
 19
 Finally, we conclude that Coleman's suit would be time barred even if her attempt to file with the DFEH amounted to the initiation of proceedings with a state agency. Under 42 U.S.C. § 2000e-5(e)(1), if a person initially filed a charge with a state agency, a charge may be filed with the EEOC within 300 days of the unlawful employment practice, or within 30 days of receiving notice that the state proceedings have terminated, whichever is earlier.
 
 
 20
 Coleman was notified that any state proceedings had terminated on December 4, 1987. This was the date she received the Verification of Attempt to File which stated that the DFEH had considered her attempt to file but had decided not to accept her complaint. Thus, Coleman would have had 30 days from December, 1987 to file a timely complaint. However, no complaint was filed until April 14, 1988. This was in excess of three months after the expiration of the thirty day period.
 
 
 21
 Accordingly, we hold that Coleman's suit is time barred.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 42 U.S.C. § 2000e-5(e)(1) provides: "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency ... such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings ... whichever is earlier, ..."
 
 
 [2]
 1988 was a leap year, therefore, October 17, 1987 was the date 180 days prior to April 14, 1988