65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bill LEWIS, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 94-17049.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bill Lewis filed this action alleging that because he is a black male, over 40, a handicapped veteran, and has filed prior complaints of discrimination, the Postal Service refused to promote him, refused to adopt and compensate him for a suggestion he made, and evaluated his job performance unfairly. He appeals pro se the district court's dismissal of two of these claims for failure to exhaust administrative remedies, and the grant of summary judgment on the third claim. Lewis also appeals the district court's denial of his motions for a default judgment and to compel discovery, the grant of a protective order, and refusal to appoint counsel. We have jurisdiction, 28 U.S.C. 1291, and we affirm.
 
 I.
 
 3
 Lewis' claims regarding the rejection of his suggestion and his employee evaluation arise under Title VII, the Rehabilitation Act, and the Age Discrimination in Employment Act (ADEA). Lewis was required to exhaust administrative remedies for his Title VII and Rehabilitation Act claims. See Miles v. Dep't of the Army, 881 F.2d 777, 780 (9th Cir.1989) (requiring administrative exhaustion of Title VII claims); Boyd v. United States Postal Service, 752 F.2d 410, 415 (9th Cir.1985) (requiring administrative exhaustion of Rehabilitation Act claims). To exhaust his administrative remedies, Lewis was required to contact an EEO counselor within 45 days of the allegedly discriminatory action taken against him. See 29 C.F.R. Sec. 1613.214(a)(1)(i) (45 days); but see 29 C.F.R. Sec. 1614.105(a)(1) (30 days).
 
 
 4
 Lewis waited 52 days after receiving his employee evaluation before contacting a counselor. He argues that he did not learn of the discriminatory nature of the evaluation until eleven days before contacting a counselor, yet he fails to articulate a reason why he did not suspect discrimination until that time. Therefore, his claim was properly dismissed. See Miles, 881 F.2d at 780; Boyd, 752 F.2d at 415.
 
 
 5
 Lewis waited until October 5, 1992 to contact a counselor regarding his claim that his 1989 employee suggestion was rejected for discriminatory reasons. He argues, however, that his claim is not time-barred because he did not learn of the discrimination until September 27, 1992, when he found several memoranda indicating that an idea similar to his previously had been considered by the Postal Service. Contrary to Lewis' assertion, however, the fact that a similar idea had been considered before he suggested it clearly does not indicate that the rejection of his suggestion was discriminatory. The authority cited by Lewis is inapposite. In Reeb v. Economic Opportunity, Atlanta, Inc., 516 F.2d 924, 930 (9th Cir.1975), plaintiff's failure to contact a counselor within the appropriate deadline was excused because she was misled by her employer into believing that the position she did not receive would not be filled at all due to budget cuts. Here, in contrast, the postal service did not mislead Lewis about the rejection of his suggestion. Accordingly, the district court properly dismissed this claim for failure to exhaust administrative remedies. See Miles, 881 F.2d at 780; Boyd, 752 F.2d at 415.
 
 
 6
 Lewis was not, contrary to the district court's conclusion, required to exhaust administrative remedies for his ADEA claims, as exhaustion is no longer required under the Act. See 29 C.F.R. Sec. 1613.513 (filing of a civil action under ADEA terminates administrative processing of the claim); Bak v. Postal Service, 52 F.3d 241, 244 (9th Cir.1995) (effect of 29 C.F.R. Sec. 1613.513 is that a federal employee "is no longer required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing civil suit."). Nonetheless, Lewis' complaint fails to state a claim because he fails to allege any facts giving rise to an inference of age discrimination in the rejection of his suggestion or employee evaluation.
 
 II.
 
 7
 The district court properly granted summary judgment on Lewis' claim that he was not promoted to Supervisor of Foreign Mails due to age, sex, or race discrimination by the Postal Service. Lewis failed to produce any evidence raising an inference that the promotion decision was based upon discrimination. See Sischo-Nownejad v. Merced Community College, 934 F.2d 1104, 1109-10 (9th Cir.1991). To the contrary, the evidence shows that the three applicants recommended for the promotion were all older than Lewis, were all minorities, and two were men. Additionally, the person promoted is older than Lewis and of the same race. Moreover, two of the three review committee members are of the same race as Lewis and are older than Lewis.
 
 
 8
 The district court also properly granted summary judgment on Lewis' Rehabilitation Act claim. Lewis is not a qualified individual with a disability. See 29 C.F.R. Secs. 1614.203(a)(1), .203(a)(6). He testified in an EEO hearing that his condition does not interfere with his ability to perform his job duties. See id. Furthermore, he does not claim that his condition substantially limits one or more of his major life activities. See id. Moreover, his claim that review committee members regarded him as having a disability is unfounded. The committee members testified that they did not know that Lewis had a disability. He failed to offer any contrary evidence raising an genuine issue of fact, therefore, summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 9
 Likewise, summary judgment was properly granted on Lewis' retaliation claim. Lewis claims that Fred Anderson, a member of the review committee, knew of his prior complaints of discrimination due to his position as the EEO Complaints Processing Manager, and retaliated for this prior activity. Anderson, however, stated that he was unaware of Lewis' prior EEO activity, and that he did not recommend Lewis for the promotion based upon Lewis' interview. Lewis has not offered any contrary evidence which establishes a causal link between his prior protected activity and the decision not to recommend him for the promotion. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir.1994) (requiring causal link between protected activity and adverse employment action).
 
 III.
 
 10
 We agree with the district court that Lewis was not entitled to a default judgment, because the Postal Service answered Lewis' complaint within 60 days of service. See Fed.R.Civ.P. 12(a). Contrary to Lewis' assertion, he did not properly serve the United States on November 8, 1993, by mailing a summons and complaint to the United States Attorney. See Fed.R.Civ.P. 4(i)(1)(A) (requiring personal service on United States Attorney, designated clerical employee, or service by registered or certified mail addressed to "civil process clerk"). Thus, the 60 day period for filing an answer did not begin to run until Lewis correctly served the United States on December 28, 1993.
 
 
 11
 Lewis claims that the district court erred by denying his motion to compel production of documents because defendant's answers were evasive or incomplete. We review the district court's decision for abuse of discretion. Herring v. Delta Airlines, Inc., 894 F.2d 1020, 1023-24 (9th Cir.), cert. denied, 494 U.S. 1016 (1990). We disagree with Lewis that several of defendant's answers to the request for production are evasive. Lewis fails to explain how discovery of the other items not produced by defendant would have precluded summary judgment. Thus, we cannot conclude that the district court abused its discretion in denying the motion to compel production. We also reject Lewis' claim that the district court erred by entering a protective order precluding further discovery. The record does not show that the district court ever entered such an order.
 
 
 12
 We agree with Lewis that the district court should have ruled on his motion for appointment of counsel before granting defendant's dispositive motions. See Johnson v. United States Dep't of Treasury, 939 F.2d 820, 824 (9th Cir.1991). The error is harmless, however, because Lewis' claims were without merit. See Fed.R.Civ.P. 61; Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981) (plaintiff not entitled to appointed counsel when claims have no merit). We deny Lewis' motion to sanction defendant on appeal.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3