76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert SCHUETT, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary of the Department of Veterans
Affairs; Robert E. Lindsey, Jr.; Paul J. McCool; William
Eberle; Martin Sjursen; Jill Powers; James Powell; Kathy
Mousorino; Linda Hill; Cruz Arvayo; Linda M. McAllister;
Larry Boykin; Pat Ramirez; Department of Veterans Affairs,
Defendants-Appellees.
 No. 95-15275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert B. Schuett appeals pro se the district court's summary judgment in favor of defendants in Schuett's action alleging discrimination on the basis of disability in violation of the Rehabilitation Act, 29 U.S.C. §§ 701-796i. The district court found that Schuett's action was barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment on statute of limitations grounds. See Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1993).
 
 
 4
 Even though a federal employee alleges employment discrimination on the basis of disability in violation of the Rehabilitation Act, "Title VII [42 U.S.C. §§ 2000e to 2000e-17] provides the exclusive channel by which such allegations may be heard in federal court." Vinieratos v. United States, Department of Air Force, 939 F.2d 762, 773 (9th Cir.1991) (citing Boyd v. United States Postal Service, 752 F.2d 410, 413-14 (9th Cir.1985)). Title VII states that a complaint must be filed 90 days after "receipt of notice of final action taken by a department, agency, or unit...." 42 U.S.C. § 2000e-16(c); see also 29 U.S.C. 794a (stating that 42 U.S.C. § 2000e-16 sets forth the procedures applicable to Rehabilitation Act claims).
 
 
 5
 On June 22, 1993, the Office of General Counsel for the Department of Veterans Affairs issued its decision. On June 25, 1993, an employee at the trailer park where Schuett was living signed a receipt for a certified letter which contained the General Counsel's decision. Schuett did not file his complaint in district court until October 5, 1993.
 
 
 6
 Schuett argues that because he was on vacation at the time the certified letter arrived, and he did not receive actual notice of the General Counsel's decision until July 7, 1993, that the statute of limitations period should not begin to run until that later date. These facts are not sufficient to toll the statute of limitations for the filing of Schuett's complaint. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Scholar v. Pacific Bell, 963 F.2d 264, 266-68 (9th Cir.), cert. denied, 113 S.Ct. 196 (1992).
 
 
 7
 Accordingly, the district court did not err by granting summary judgment for defendants and dismissing Schuett's complaint for failure to file within the relevant statute of limitations. See Scholar, 266-68.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because our decision on the statute of limitations question is sufficient to affirm the district court's dismissal of Schuett's complaint, we do not address the other issues Schuett raises on appeal