142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Denise A.K. DUNG, Plaintiff-ppellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 96-17204.
D.C. No. CV-95-00361-HG
 United States Court of Appeals, Ninth Circuit.
 May 8, 1998.
Submitted May 6, 1998**
 
 Appeal from the United States District Court for the District of Hawaii Helen Gillmor, District Judge, Presiding
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Denise Dung appeals the district court's summary judgment in favor of the United States Postal Service in her action alleging that the Postal Service violated Title VII, 42 U.S.C. § 2000e, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983 when the Postal Service revoked her driving privileges as a mail carrier, terminated her, and then denied her union grievance. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Dung contends that the district court erred in ruling that her claims under 42 U.S.C. § 1983 and the Equal Protection Clause are preempted by Title VII, but Title VII provides the exclusive basis for federal jurisdiction for claims of discrimination and retaliation in federal employment. See Brown v. General Servs. Admin., 425 U.S. 820, 828-29, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); White v. General Servs. Admin., 652 F.2d 913, 916-17 (9th Cir.1981). Due to its comprehensive scope, Title VII preempts other causes of action seeking to redress the same wrong, including constitutional claims based upon the same discriminatory employment actions. Williams v. General Servs. Admin., 905 F.2d 308, 311 (9th Cir.1990). As Dung's constitutional and § 1983 claims are based upon employment actions taken by her supervisors and the Postal Service allegedly due to either discrimination or reprisal, they are preempted by Title VII. Id.
 
 II
 
 4
 Dung's remedies are therefore limited to Title VII, which she claims the Service violated by revoking her driving privileges in March 1994, terminating her in May 1994, and then denying her union grievance in September 1994, all in retaliation for her filing of a sexual harassment suit against one of her Postal Service supervisors. She also claims that each of these acts, including the denial of her union grievance, constitutes a separate act of discrimination based on sex. We agree with the district court, however, that Dung's Title VII claims either have been abandoned or are time-barred, and that no grounds for equitable tolling or for finding a continuing violation exist.
 
 
 5
 * First, we will not consider Dung's argument that denial of her union grievance was discriminatory since she did not raise this issue in the district court and there are no special circumstances indicating that we should do so. See Crawford v. Lungren, 96 F.3d 380, 389 n. 6 (9th Cir.1996) (court will not review issue not raised in district court except in special circumstances such as to prevent manifest injustice), cert. denied, --- U.S. ----, 117 S.Ct. 1249, 137 L.Ed.2d 330 (1997); SEC v. Worthen, 98 F.3d 480, 484 (9th Cir.1996) (same).
 
 B
 
 6
 Next, Dung did not exhaust her claim that revocation of her driving privileges was a discriminatory or retaliatory act. See Boyd v. United States Postal Serv., 752 F.2d 410, 414 (9th Cir.1985) (under Title VII, a federal employee must exhaust her administrative remedies before filing suit). Although Dung contacted the Postal Service's EEO office and was given the standard EEO materials explaining her duties and the time limits for filing a formal complaint, she failed to return the necessary forms within the prescribed period of time. Instead, Dung abandoned the EEO process in favor of pursuing relief through the union grievance process and, as a result, has not exhausted her administrative remedies. See Vinieratos v. U.S. Dept. of the Air Force, 939 F.2d 762, 769-772 (9th Cir.1991) (abandonment of EEO process prevents exhaustion of Title VII claim and precludes judicial review).
 
 C
 
 7
 Finally, Dung's claim regarding the termination of her employment is time-barred since she failed to initiate contact with an EEO officer within 45 days of her termination on May 21, 1994 as required by 29 C.F.R. § 1614.105(a). Nor is the deadline tolled under 29 C.F.R. § 1614.105(a)(2), because by the time she was terminated, Dung knew that her driving privileges had been revoked and that the Postal Service was terminating her; she knew that union officials believed that the Postal Service was treating her more harshly than other carriers involved in accidents; and she had already requested EEO information with regard to revocation of her driving privileges but decided instead to pursue a union grievance. There is no evidence that the Postal Service misled her in any way; and she learned no new facts about her termination between May and September 1994. Under these circumstances, "a similarly situated person with a reasonably prudent regard for his rights" would have sufficient knowledge of the facts supporting a charge of discrimination at the time of her termination. Boyd, 752 F.2d at 414. We therefore agree with the district court that Dung reasonably should have known of possible retaliation or discrimination when the Postal Service discharged her, and her failure to contact an EEO officer within the 45-day period at best represents "a garden-variety claim of excusable neglect" that does not justify equitable tolling. Irwin v. Veterans Admin., 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).
 
 
 8
 Likewise, Dung's argument that the 45-day period should be extended through the continuing violations doctrine fails for lack of evidence that the Postal Service maintains a discriminatory policy or system, or that the Postal Service's denial of her grievance and slow response in reinstating her were discriminatory. See Green v. Los Angeles Superintendent of Schs., 883 F.2d 1472, 1480 (9th Cir.1989). These acts are no more than the natural effects of her termination. See Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1446 (9th Cir.1994) ("[T]he natural effects of the allegedly discriminatory act are not regarded as 'continuing.' ") (quoting London v. Coopers & Lybrand, 644 F.2d 811, 816 (9th Cir .1981)); Grimes v. City and County of San Francisco, 951 F.2d 236, 238-39 (9th Cir.1991) ("[M]ere 'continuing impact from past violations is not actionable. Continuing violations are.' ") (Citation omitted). Accordingly, no continuing violations excuse Dung's failure to contact an EEO officer within 45 days.
 
 
 9
 Dung's request for attorneys fees on appeal is denied.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3