Mary A. VAUGHN, Plaintiff—
Appellant,

v.

Dr. Francis J. HARVEY,* Secretary of the Department of the Army; United States Department of the Army, Defendants—Appellees.

No. 03–35976.

D.C. No. CV–02–05542–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2005.

Decided July 7, 2005.

* Dr. Francis J. Harvey is substituted for his predecessor, Thomas E. White, as Secretary of the Department of the Army. *See* Fed. R.App. P. 43(c)(2).

Paul Alexander Lindenmuth, Law Offices of Ben F. Barcus, Tacoma, WA, for Plaintiff–Appellant.

Marion J. Mittet, Robert T. Seder, Office of the U.S. Attorney, Seattle, WA, Matthew Ruzicka, Arlington, VA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Washington; Robert J. Bryan, District Judge, Presiding.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Plaintiff–Appellant Mary A. Vaughn appeals the district court's grant of partial summary judgment to Defendants–Appellees (the Army) on her claim that she suffered retaliation, in the form of unreasonable accommodation of her disability, as a result of her complaints alleging that there was a racially hostile work environment.[1] Vaughn also appeals the district court's grant of judgment as a matter of law on her claim of unreasonable accommodation under the Federal Rehabilitation Act of 1973.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's grants of partial summary

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo a district court's grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

2. We review de novo a district court's grant of judgment as a matter of law. *City Solutions, Inc. v. Clear Channel Communications, Inc.*, 365 F.3d 835, 839 (9th Cir.2004).

judgment and judgment as a matter of law.[3]

### I[4]

We first address the issue of retaliation. To state a claim for retaliation, a plaintiff must show (1) that she engaged in protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal link between the protected activity and the adverse employment action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir.2002). The district court granted summary judgment to the Army on the retaliation claim because the district court concluded that "even assuming that defendants' alleged failure to accommodate her disability could be considered to have resulted in an adverse employment action, [Vaughn] has not set forth any admissible evidence to suggest that there was a causal link between her complaints regarding a racially hostile work environment and the alleged unreasonable accommodation of her disability."

█ We agree, and affirm the district court's grant of summary judgment to the Army because the record contains no evidence of causation. Although Vaughn engaged in protected activity by reporting racially insensitive comments to management, it is undisputed that her complaints resulted in an investigation and diversity training. The evidence also establishes that the Army engaged in a good faith effort to accommodate Vaughn's limitations. It was not error for the district court to resolve the retaliation claim by giving summary judgment to the government before trial.

### II

We next address the district court's ruling on the merits rejecting the discrimination claim after the close of Vaughn's evidence.

To qualify for the protections of the Federal Rehabilitation Act, a plaintiff must show that he or she has "a physical or mental impairment that substantially limits one or more of [his or her] major life activities." *See* 29 U.S.C. § 794(d); 42 U.S.C. § 12102(2).[5] This means that "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Williams*, 534 U.S. at 198, 122 S.Ct. 681.

Vaughn claimed that lupus rendered her disabled in the major life activities of working and walking. The relevant time period is March 1999, when Vaughn brought a note from her doctor and requested accommodation, until October 1999, when Vaughn ceased work. The relevant disability is lupus, and its accompanying conditions, such as arthritic pain and skin discolorations. The evidence Vaughn relies on is her testimony and notes from her doctors indicating that her condition requires accommodation, such as restricted

---

3. For the purpose of this appeal we assume that Vaughn's efforts were sufficient for exhaustion. *See Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir.1985) (holding that processing an untimely complaint does not waive the defendant's exhaustion defense in the absence of a finding of discrimination).

4. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition.

5. Constructions of the Americans With Disabilities Act that limit its definition of "disability" apply with equal force to the Federal Rehabilitation Act. *See* 42 U.S.C. § 12201(a); *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 193–94, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

hours, limited stair climbing, and permission to wear comfortable clothing.

█ The district court during trial properly granted the Army judgment as a matter of law after the close of Vaughn's case because Vaughn did not establish that she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *See Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540 (9th Cir.1997) (per curiam) (quoting 29 C.F.R. § 1630.2(j)(3)(i)). That Vaughn had to work no more than 40 hours a week, that she be restricted in climbing stairs, and that she wear comfortable clothing do not suggest that she could not perform either a class of jobs or a broad range of jobs in various classes. *See id.; see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

█ Similarly, Vaughn did not establish that she is substantially limited in walking as compared to most people in their daily lives. Vaughn presented evidence at trial showing that she is limited in a subset of walking (climbing stairs), but not that she is so limited as to qualify under the Supreme Court's interpretation of the statutory terms to require a "demanding standard." *See Williams*, 534 U.S. at 196–97, 122 S.Ct. 681. Vaughn testified that she does not sleep well, that she has nightmares, that she must take medication for her pain, and that she has to use the bathroom often. But none of this testimony speaks to her ability to walk compared to the ability of the average person. *See id.* at 198, 122 S.Ct. 681. Moreover, Vaughn presented no evidence as to the ability of the average person to walk. *See*

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1063–67 (9th Cir.2005).

█ Finally, Vaughn argues that she was regarded by the Army as disabled, and consequently should have been accommodated. However, this argument is foreclosed to our panel by the Ninth Circuit's precedent of *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1232–33 (9th Cir.), *cert. denied*, 540 U.S. 1049, 124 S.Ct. 821, 157 L.Ed.2d 697 (2003), which held that "there is no duty to accommodate an employee in an 'as regarded' case."[6]

**AFFIRMED.**

---

6. Although Vaughn may raise this issue in a petition for rehearing en banc, a three-judge panel is bound to follow the precedent of the Ninth Circuit. *See Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005) (en banc) (per curiam).