Stanley K. GORE, Plaintiff—Appellant,

v.

John F. POTTER, Postmaster General of the United States, Defendant—Appellee.

No. 04–35352.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2005.

Decided Aug. 3, 2005.

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Edward A. Murphy, Esq., Datsopoulos, MacDonald & Lind, Missoula, MT, for Plaintiff–Appellant.

David G. Karro, Esq., Washington, DC, for Defendant–Appellee.

Before: HUG, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Stanley Gore appeals the district court's grant of summary judgment for the Postal Service. We review *de novo* the district court's determination that it lacked subject matter jurisdiction because the plaintiff did not exhaust administrative remedies as required by 29 C.F.R. § 1614.105. *Leong v. Potter,* 347 F.3d 1117, 1121 (9th Cir.2003).

The record does not reflect that Gore timely filed an EEO complaint, as required by the regulation, before bringing this claim. Under 29 C.F.R. § 1614.105, federal employees must initiate an EEO complaint within forty-five days of the alleged discriminatory conduct before filing a civil action under the Rehabilitation Act. Failure to exhaust these administrative remedies is a bar to bringing a claim in federal court. *Boyd v. U.S. Postal Service,* 752 F.2d 410, 414–15 (9th Cir.1985).

Gore filed multiple EEO complaints in 1998, but the incident that forms the basis for his claim occurred in 2001. Because Gore presented no evidence that he filed an EEO complaint after the 2001 incident, he has not shown that he exhausted administrative remedies. Therefore, his claim is barred, and we must affirm the district court's order granting summary judgment for the defendant Postal Service.

Moreover, even assuming that Gore was disabled under the Federal Rehabilitation Act, 29 U.S.C. Sections 791, *et. seq.,* and that Gore had exhausted his administrative remedies as to any claims that arose out of incidents that occurred in 1998, the district court properly determined that Gore had failed to raise any genuine issue of fact on such claims as the record shows that the Postal Service accommodated his alleged limitations.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.