NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MICHAEL MILLER,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>SHAYNA OLESIUK; et al.,<br><br>       Defendants - Appellees. | No. 13-17137<br><br>D.C. No. 3:13-cv-01856-EDL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted August 25, 2015[***]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Robert Michael Miller appeals pro se from the district court's judgment

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, we deny Miller's request for oral argument, set forth in his opening brief.

dismissing for failure to exhaust administrative remedies his action alleging various federal and state law claims in connection with his employment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Vinieratos v. U.S., Dep't of Air Force*, 939 F.2d 762, 767-68 (9th Cir. 1991), and we affirm.

The district court properly concluded that Title VII and the Rehabilitation Act ("RA") were Miller's exclusive remedies for claims of discrimination in federal employment.  *See Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985) (Title VII is the exclusive remedy for discrimination by the federal government on the basis of sex, and the RA is the exclusive remedy for discrimination by the federal government on the basis of disability); *see also Brock v. United States*, 64 F.3d 1421, 1424 (9th Cir. 1995) (Title VII's exclusivity regarding discrimination on the basis of sex also applies to discrimination on the basis of gender); *Clemente v. United States*, 766 F.2d 1358, 1364 n.7 (9th Cir. 1985) ("To the extent that plaintiff's *Bivens* claims are founded in actions proscribed by Title VII, they may not be maintained because Title VII provides the exclusive remedy.").

The district court properly concluded that Miller failed to exhaust his administrative remedies on his Title VII and RA claims because he failed to complete the negotiated grievance procedure.  *See Vinieratos*, 939 F.2d at 767-68

("Title VII specifically requires a federal employee to exhaust his administrative remedies as a precondition to filing suit."); *Boyd*, 752 F.2d at 413-14 (the same requirement applies to RA claims); *see also Vinieratos*, 939 F.3d at 768 (a federal employee who is a union member and alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a negotiated grievance procedure, but "he cannot pursue both avenues, and his election is irrevocable").

Because Miller failed to exhaust, we do not consider Miller's arguments regarding the merits of his claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Miller's requests, set forth in his opening brief, are denied.

**AFFIRMED.**