NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL MCCOOK BREWER, | No. 22-35267 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00170-TMB |
| v. | |
| UNITED STATES POSTAL SERVICE; LOUIS DEJOY, Postmaster General, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| FEDERAL OFFICE OF WORKER'S COMPENSATION; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; OFFICE OF FEDERAL OPERATION, of E.E.O.C., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted July 18, 2023**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

Daniel M. Brewer appeals pro se from the district court's order granting summary judgment in favor of USPS, et al. on his Title VII employment discrimination claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1173 (9th Cir. 2016) (citing *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014)).

I

The district court properly held that Brewer failed to exhaust his administrative remedies before seeking judicial review. Both Title VII of the Civil Rights Act of 1964 and § 501 of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 791 *et seq*, require a federal employee alleging discrimination to exhaust his administrative remedies before seeking judicial review. *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985). An administrative exhaustion requirement implies good-faith cooperation. *See Vinieratos v. Air Force*, 939 F.2d 762, 771-72 (9th Cir. 1991). Brewer was uncooperative in the administrative process by refusing to submit an Equal Employment Opportunity Investigative Affidavit or to respond to USPS's discovery requests.

II

The district court properly held that Brewer did not state a prima facie case of discrimination based on disability under § 501 of the Rehabilitation Act. To state a

prima facie case under the Act, a plaintiff must show that (1) he is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of his disability. *Walton v. United States Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). Brewer did not establish that he is a "qualified individual," i.e., "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Regular attendance is an essential function of Brewer's letter-carrier position which he could not fulfill even with his requested accommodation.

## III

Lastly, the district court properly held that Brewer could not show pretext even if he had stated a prima facie case of discrimination. USPS has presented evidence that Brewer was terminated for irregular attendance. Once an employer establishes a facially nondiscriminatory reason for its action, the burden shifts to the plaintiff to establish pretext. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). To create a triable issue as to an employer's motivation for its actions after establishing a prima facie case, a plaintiff must produce some evidence of discriminatory motive. *Id.* at 1220-22. Brewer presented no evidence to rebut the presumption of legitimate, nondiscriminatory termination.

**AFFIRMED**.